

# JONES & KELLER
### ATTORNEYS AT LAW

BRAD H. HAMILTON                                                    BHAMILTON@JONESKELLER.COM

May 30, 2013

Darren Saunders
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY  10036

<u>Via Email</u>: dsaunders@manatt.com

Dear Mr. Saunders:

      Re: aioTV Inc.'s "AIO" Trademarks

      Further to our telephone conversation last week and your voice message last Friday, our client, aioTV, Inc. ("**AIO**") has asked me to provide the following.

      After AT&T's launch of "aio wireless" on May 9, 2013, and after my letter to AT&T dated May 13, 2013, AT&T has commenced and is continuing a very aggressive, well-funded and comprehensive brand marketing campaign surrounding the "aio" mark. The campaign includes aggressive social media brand marketing, primarily focused on the "aio" mark; for example, your client has been very aggressively feeding Twitter using not only the name "aio wireless", but also "aio" alone, as in:

      "We are delighted to announce iPhone is available from **Aio** with no annual contract. http://ow.ly/l22ci  #HelloAio."

      and





EXHIBIT
8

Darren Saunders/ AT&T
May 30, 2013
Page **2** of **5**

These are just a few examples. Your client is conducting similar activities on facebook, Instagram, Spotify and other social media. I have also attached photographs of the aio wireless physical stores. It is clear that your client is aggressively branding the word "aio" and "hello aio."

As a result of AT&T's campaign, our client's mark no longer appears prominently in searches for "aio" on Twitter or popular Internet search engines, a position it had enjoyed for several years. In the 15-days since I notified AT&T of its infringement of our client's marks, AT&T's branding campaign has nearly obliterated our client's goodwill and reputation in its "aio" mark. Rather than taking a short pause to assess my client's claims, AT&T has pressed ahead with its branding, indifferent to confusion with my client's marks, and increasingly destroying our client's ability to make effective use of its trademark to identify its service or its company. AT&T has engaged in this course of action despite knowing of my client's "aio" mark for more than two years.

In our phone conversation last week you inquired whether our client might have a proposal to settle this matter. As our client is not the infringing party, it is incumbent upon us to notify you that AT&T's use of the "aio" mark constitutes trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act and my client's common law rights.

While our client is prepared to take aggressive action in connection with AT&T's unauthorized use of the "aio" mark, we are writing in an effort to resolve this matter by seeking AT&T's assurance that it will *immediately* cease and desist from using "aio", or anything confusingly similar thereto, as a trademark, service mark or trade name in connection with the sale and/or service of wireless devices.

If AT&T has any proposals or suggestions for settling this matter in a different manner, please communicate them to me as soon as possible; unfortunately, AT&T's actions have already virtually destroyed my client's mark, so usual remedial actions would have no value.

Sincerely,

JONES & KELLER, P.C.

Brad H. Hamilton

Brad H. Hamilton

JONES&KELLER

Darren Saunders/ AT&T
May 30, 2013
Page **3** of **5**



JONES&KELLER

Darren Saunders/ AT&T
May 30, 2013
Page **4** of **5**



Darren Saunders/ AT&T
May 30, 2013
Page **5** of **5**



JONES&KELLER