# EXHIBIT A

# JONES & KELLER
### ATTORNEYS AT LAW

BRAD H. HAMILTON                                                                                  BHAMILTON@JONESKELLER.COM

May 30, 2013

Darren Saunders
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY  10036

Via Email: dsaunders@manatt.com

Dear Mr. Saunders:

      Re: aioTV Inc.'s "AIO" Trademarks

Further to our telephone conversation last week and your voice message last Friday, our client, aioTV, Inc. ("AIO") has asked me to provide the following.

After AT&T's launch of "aio wireless" on May 9, 2013, and after my letter to AT&T dated May 13, 2013, AT&T has commenced and is continuing a very aggressive, well-funded and comprehensive brand marketing campaign surrounding the "aio" mark. The campaign includes aggressive social media brand marketing, primarily focused on the "aio" mark; for example, your client has been very aggressively feeding Twitter using not only the name "aio wireless", but also "aio" alone, as in:

> "We are delighted to announce iPhone is available from Aio with no annual contract. http://ow.ly/l22ci #HelloAio."

and

> **Aio Wireless** @aiowireless                                        21 May
> How do you #Aio? We'll leave that up to you. #HelloAio
> Collapse  ← Reply  ⟲ Retweet  ★ Favorite  ••• More

> **Aio Wireless** @aiowireless                                        9h
> Who's been to their local #Aio store? We want to hear from you!
> Expand

> **Aio Wireless** @aiowireless                                        28 May
> When we say A, you say #Aio. A!
> Expand

JONES & KELLER, P.C. | 1999 BROADWAY, SUITE 3150 | DENVER, COLORADO 80202
P: 303.573.1600 | F: 303.573.8133 | WWW.JONESKELLER.COM

Darren Saunders/ AT&T
May 30, 2013
Page 2 of 5

These are just a few examples. Your client is conducting similar activities on facebook, Instagram, Spotify and other social media. I have also attached photographs of the aio wireless physical stores. It is clear that your client is aggressively branding the word "aio" and "hello aio."

As a result of AT&T's campaign, our client's mark no longer appears prominently in searches for "aio" on Twitter or popular Internet search engines, a position it had enjoyed for several years. In the 15-days since I notified AT&T of its infringement of our client's marks, AT&T's branding campaign has nearly obliterated our client's goodwill and reputation in its "aio" mark. Rather than taking a short pause to assess my client's claims, AT&T has pressed ahead with its branding, indifferent to confusion with my client's marks, and increasingly destroying our client's ability to make effective use of its trademark to identify its service or its company. AT&T has engaged in this course of action despite knowing of my client's "aio" mark for more than two years.

In our phone conversation last week you inquired whether our client might have a proposal to settle this matter. As our client is not the infringing party, it is incumbent upon us to notify you that AT&T's use of the "aio" mark constitutes trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act and my client's common law rights.

While our client is prepared to take aggressive action in connection with AT&T's unauthorized use of the "aio" mark, we are writing in an effort to resolve this matter by seeking AT&T's assurance that it will *immediately* cease and desist from using "aio", or anything confusingly similar thereto, as a trademark, service mark or trade name in connection with the sale and/or service of wireless devices.

If AT&T has any proposals or suggestions for settling this matter in a different manner, please communicate them to me as soon as possible; unfortunately, AT&T's actions have already virtually destroyed my client's mark, so usual remedial actions would have no value.

Sincerely,

JONES & KELLER, P.C.

Brad H. Hamilton

**JONES & KELLER**

Darren Saunders/ AT&T
May 30, 2013
Page 3 of 5



**JONES&KELLER**

Darren Saunders/ AT&T
May 30, 2013
Page 3 of 5

Darren Saunders/ AT&T
May 30, 2013
Page 4 of 5



**JONES&KELLER**

Darren Saunders/ AT&T
May 30, 2013
Page 5 of 5



**JONES&KELLER**

# EXHIBIT B

Case 1:13-cv-01901-JOF   Document 1-2   Filed 06/06/13   Page 1 of 13

# JONES&KELLER
###### ATTORNEYS AT LAW

BRAD H. HAMILTON  BHAMILTON@JONESKELLER.COM

May 13, 2013

AT&T Intellectual Property II, L.P.
645 East Plumb Lane
Reno, Nevada 89502

C/O

David J. Cho
AT&T Services, Inc.
208 S. Akard St.
Dallas, TX 75202-4206

Via Email: david.cho@att.com

Dear Mr. Cho:

Re: aioTV Inc.'s "AIO" Trademarks

We represent aioTV, Inc. ("AIO") owner of the "aio", "aioTV," "aio pro," "aio basic," "aio cloud," and related trademarks and service marks. AIO has been conducting business throughout North America using the "aio", "aioTV", "MYaio" and similar marks since at least early 2010, in the IPTV and wireless data business.

A few days ago, AT&T launched "aio wireless", using the "aio" mark in a confusingly similar line of business, and in a manner that is clearly confusing to AIO's brand and trademark rights. AT&T is well aware of my client's "aio" mark. AIO began offering its services under the "aio" brand in early 2010, and did an industry launch at the 2010 TelcoTV convention, where AT&T had a substantial presence and Steven Wright, Chair, IPTV Interoperability Forum ATIS, AT&T Network Architecture was a key note speaker on "IPTV Innovation, Investment, Standards and Interoperability." AIO demonstrated its services to Tom Sauer and Jeff Weber of AT&T in 2010, and had ongoing discussions with Tom Sauer in 2010. AIO executives have shared panels with AT&T executives at various industry events such as TelcoTV.

AIO's brand and service offerings have ranked high on the first page of Google® and other Internet search engines for two years; prior to AT&T's "aio wireless" launch, an Internet search for "aio" always returned my client as the top result. I assume that AT&T conducted a trademark search through Thomson Reuters or another service before filing USPTO applications Nos. 85773612, 85738188, 85718159, & 85773608 for various "aio" marks, which would have notified you of AIO's rights in the "aio" marks.

AT&T/David Cho
May 13, 2013
Page 2 of 2

    Moreover, AT&T has launched a website at www.aiowireless.com that copies the look and feel of AIO's website (prior to a recent change). See Attachment 1.

    AT&T has also launched "My AIO," while AIO has been using the "MYaio" mark for a couple of years. See Attachment 2. It appears that AT&T is also launching a number of services under the "aio" brand "Aio Pro," "Aio Smart," and "Aio Basic." My client already uses "aioTV," "aioCLOUD," "aioPRO," and "aioBASIC." See Attachment 3. Naturally, this will cause severe consumer confusion.

    Since our clients are sophisticated and represented by counsel I will dispense with the usual case and statute citations and other "cease and desist" form-letter demands. However, it is probably a requirement that I request, on behalf of aioTV Inc., that AT&T cease and desist any further use of the "aio" mark, and notify you that AT&T's use of the identical trademark in connection with nearly the same goods and services that are offered by AIO under its "aio" marks constitutes trademark infringement, false designation of origin, and unfair competition in violation of the federal Trademark Act of 1946 (Lanham Act), 15 U.S.C. Section 1051 et seq.

    I suggest AT&T counsel contact the undersigned as soon as possible so that we can understand AT&T's thinking on these marks, and see if this matter can be resolved.

Sincerely,

JONES & KELLER, P.C.

Brad H. Hamilton

**JONES&KELLER**

## ATTACHMENT 1

Case 1:13-cv-01901-JOF   Document 1-2   Filed 06/06/13   Page 4 of 13



