# ATTACHMENT 5

# E-Mails Between Counsel

| | |
|---|---|
| *From:* | Ed Lyons |
| *Sent:* | Mon 6/24/2013 02:05 PM |
| *Rcvd:* | Mon 6/24/2013 02:05 PM |
| *To:* | dsaunders@manatt.com |
| *CC:* | Brad Hamilton (bhamilton@joneskeller.com); Dan Wartell (dwartell@joneskeller.com); Aaron Goldhamer |
| *BCC:* | |
| *Subject:* | aioTV Inc. v. Aio Wireless LLC |

========================================

Dear Mr. Saunders:

By way of introduction, since we have not previously communicated, I am the
lead attorney representing aioTV Inc. in the subject federal district court action in
Colorado, and will shortly be appearing in a similar role, together with local
counsel, in moving to dismiss AT&T'S declaratory judgment action in Georgia for
lack of jurisdiction and on other grounds.  My purpose in contacting you at this
time is to propose a simple way of resolving some of the threshold procedural
issues that have arisen and - given AT&T's recent motion seeking an injunction in
Georgia to prohibit aioTV from prosecuting the Colorado action - are needlessly
multiplying.

The easy solution, I believe, is for the parties to stipulate to the entry of an order
by the Colorado court staying all further proceedings in the Colorado action
pending the Georgia court's determination of its jurisdiction to proceed, and for
AT&T to withdraw its motion for an injunction in the Georgia action, which would
be moot.  This would avoid a lot of unnecessary expense for all concerned and
conserve valuable judicial resources, since in the final analysis the initial decision
of whether the litigation will proceed in Georgia or Colorado will have to be made
by the Georgia court.

If you concur with the concept, I will draft a proposed stipulation for your review
and approval.

Cordially,

Ed Lyons

Description: Description: Description: Description: Yellow Bar

Description: Description: Description: Description: JONES&KELLER

**Edward T. Lyons, Jr**

Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | F: 303.573.8133

**JONES&KELLER, P.C.**
elyons@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE. FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C.  The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law.  This information is intended only for the use of

the individual or entity to whom this electronic mail transmission is addressed.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety.  Thank you.

**Ed Lyons**

| | |
|---|---|
| **From:** | Hummel, Chad <CHummel@manatt.com> |
| **Sent:** | Tuesday, June 25, 2013 4:47 PM |
| **To:** | Ed Lyons |
| **Cc:** | Saunders, Darren |
| **Subject:** | FW: aioTV Inc. v. Aio Wireless LLC |

Dear Mr. Lyons,

We received your email dated June 24, 2012.

In order to try to avoid any unnecessary litigation about venue, which we believe is properly the Northern District of Georgia in this case, we contacted your firm by telephone on June 14, 2013, to meet and confer regarding our client's intended motion to stay/transfer/dismiss the second-filed Colorado action . We filed the motion there only after being advised that your client would not consent to such a stay. In two subsequent emails -- sent on June 14 and June 17 --we told you that we were open to discussing the procedural venue issues, but we did not hear back from you.  Because you did not respond at all, we  took the appropriate procedural step of seeking an order from the Georgia court enjoining your client from prosecuting the Colorado case.  Both motions were directed toward achieving the outcome to which you now appear to be willing to stipulate -- that the Georgia court, which first acquired jurisdiction over this controversy, is the appropriate forum to determine venue.

That said, in response to your proposal yesterday, our client is agreeable to stipulating that all further proceedings in the Colorado action be stayed pending the Georgia court's determination of venue. To that end, we would propose that our clients' motion to enjoin be consolidated for decision with any motion to dismiss that may be filed by your client .  We would propose entering into a stipulation in Georgia which would, in effect, allow your client to file any motion to dismiss in Georgia to tee up the venue question for decision by that court.  We should also agree on a briefing schedule.

If the foregoing is acceptable, please confirm and we will prepare a proposed stipulation.

Thank you.

Chad S. Hummel
Manatt, Phelps & Phillips LLP
11355 W. Olympic Blvd.
Los Angeles, CA 90064

(310) 312-4197

chummel@manatt.com

---

**From:** Ed Lyons [mailto:elyons@joneskeller.com]
**Sent:** Monday, June 24, 2013 4:06 PM
**To:** Saunders, Darren
**Cc:** Brad H. Hamilton; Dan Wartell; Aaron Goldhamer
**Subject:** aioTV Inc. v. Aio Wireless LLC

Dear Mr. Saunders:

By way of introduction, since we have not previously communicated, I am the lead attorney representing aioTV Inc. in the subject federal district court action in Colorado, and will shortly be appearing in a similar role, together with local counsel, in moving to dismiss AT&T'S declaratory judgment action in Georgia for lack of jurisdiction and on other grounds.  My purpose in contacting you at this time is to propose a simple way of resolving some of the threshold procedural issues that have arisen and - given AT&T's recent motion seeking an injunction in Georgia to prohibit aioTV from prosecuting the Colorado action - are needlessly multiplying.

The easy solution, I believe, is for the parties to stipulate to the entry of an order by the Colorado court staying all further proceedings in the Colorado action pending the Georgia court's determination of its jurisdiction to proceed, and for AT&T to withdraw its motion for an injunction in the Georgia action, which would be moot.  This would avoid a lot of unnecessary expense for all concerned and conserve valuable judicial resources, since in the final analysis the initial decision of whether the litigation will proceed in Georgia or Colorado will have to be made by the Georgia court.

If you concur with the concept, I will draft a proposed stipulation for your review and approval.

Cordially,
Ed Lyons

# JONES&KELLER

**Edward T. Lyons, Jr**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | F: 303.573.8133

JONES&KELLER, P.C.
elyons@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE.  FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C.  The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law. This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety. Thank you.

---

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by the Department of the Treasury, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by the practitioner to be used, and that it cannot be used by any taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer, and (ii) supporting the promotion or marketing of any transactions or matters addressed herein. For information about this legend, go to http://www.manatt.com/Expertise.aspx?id=4870

---

**Ed Lyons**

| | |
|---|---|
| **From:** | Ed Lyons |
| **Sent:** | Friday, June 28, 2013 1:54 PM |
| **To:** | dsaunders@manatt.com; 'lgoldstein@manatt.com'; 'bbrewster@klyown.com' |
| **Cc:** | 'Dan Wartell'; Aaron Goldhamer |
| **Subject:** | aioTV Inc. v. Aio Wireless LLC |
| **Attachments:** | Stipulation for Temporary Stay (00492352).docx; Order Staying Action (00492385).docx |

Counsel:

In accordance with our conference call yesterday, I am attaching for your review drafts of a Joint Motion and Stipulation and a proposed Order providing for a temporary stay of the District of Colorado case.

I am awaiting the other stipulation that you agreed to prepare to extend the time for responding to the motion for an injunction in the Georgia case.

Hopefully, we can get all the necessary papers in final form for signing Monday.

If a further conference call would help, we are available Monday.

Thanks,

Ed Lyons


## JONES&KELLER

**Edward T. Lyons, Jr**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | F: 303.573.8133

JONES&KELLER, P.C.
elyons@joneskeller.com
www.joneskeller.com


**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE.  FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C.  The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed.  If you are not the intended recipient

or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety.  Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01493-PAB-KLM

aioTV Inc.,

      Plaintiff,

v.

Aio Wireless, LLC,

      Defendant

---

## JOINT MOTION AND STIPULATION FOR ENTRY OF ORDER TEMPORARILY STAYING CASE

---

Plaintiff aioTV Inc. ("AIOT") and Defendant Aio Wireless, LLC ("AIOW"), by and through their respective attorneys of record, hereby jointly move and stipulate that the Court may enter an order temporarily staying this case as provided below. As good cause for the requested relief, the parties state and stipulate as follows.

1. AIOT commenced the present action by filing a verified complaint in this Court on June 11, 2013, alleging claims for trademark infringement under Sec. 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), together with claims for unfair

{JK00492352.1 }

2

competition, trademark disparagement, deceptive trade practices, and unjust

enrichment under Colorado law.  (Doc. 1)  A summons was served upon AIOW's

registered agent for service of process in Colorado on June 12, 2013.  (Doc. 9)

2.     On June 17, 2013, AIOW filed a motion in this Court to stay, dismiss

or, in the alternative, transfer the present case to the Northern District of Georgia

pursuant to the "first-filed" rule on the grounds that Defendant had filed an earlier

action in that court on June 6, 2013, Civil Action No. 1: 13-CV-1901, seeking a

declaratory judgment that AIOW is not infringing upon AIOT's trademarks and

that Plaintiff is not entitled to relief under Sec. 43(a) of the Lanham Act.  (Doc. 15)

A copy of the complaint in the Georgia case is attached as Exhibit C (Doc. 16-3) to

the Declaration of Darren W. Saunders filed with AIOW's motion.  (Doc. 16)

3.     On July 3, 2013, AIOT filed a motion in the Georgia case to dismiss

the action for lack of personal jurisdiction and improper venue or, in the

alternative, to transfer that case to this Court.  See Notice of Motion to Dismiss

filed in the Northern District of Georgia.  (Doc.___)

4.     Because the two cases substantially overlap and in recognition of the

first-filed rule followed by the Tenth Circuit, *see Cessna Aircraft Co. v. Brown,*

348 F.2d 689, 692 (10th Cir. 1965), and to avoid unnecessary expense and conserve

Case No. 1:13-cv-01493-PAB-KLM   Document 19-7   filed 07/03/13   USDC Colorado   pg 12
of 26
Case 1:13-cv-01901-JOF   Document 8-6   Filed 07/03/13   Page 12 of 26

{JK00492352.1 }

3

judicial resources, the parties request that this Court enter an order temporarily

staying the present case until the federal district court in Georgia determines

AIOT's pending motion to dismiss for lack of personal jurisdiction and improper

venue or, in the alternative, to transfer that case to this Court.

5.    If the requested temporary stay is granted, the parties will promptly

notify this Court and file a copy when the district court in Georgia enters an order

that determines AIOT's motion to dismiss or transfer so that this Court may then

vacate the stay and, consistent with the Georgia court's ruling, either allow the

present case to proceed or transfer it to the Northern District of Georgia.

6.    A proposed order is submitted herewith.

DATED:  July ___, 2013

Respectfully submitted,

_____          _____
Edward T. Lyons, Jr.                      Darren W. Saunders
JONES & KELLER, P.C.                      MANATT, PHELPS & PHILLIPS
1999 Broadway, Suite 3150                 7 Times Square
Denver, CO 80202                          New York, New York 10036
Telephone: (303) 573-1600                 Telephone: (212) 790-4500
Fax (303) 573-8133                        Fax: (212) 790-4545
Email: elyons@joneskeller.com             Email: dsaunders@manatt.com

{JK00492352.1 }

4

Case No. 1:13-cv-01493-PAB-KLM   Document 19-7   filed 07/03/13   USDC Colorado   pg 14
of 26
Case 1:13-cv-01901-JOF   Document 8-6   Filed 07/03/13   Page 14 of 26

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01493-PAB-KLM

aioTV Inc.,

       Plaintiff,

v.

Aio Wireless, LLC,

       Defendant

---

## ORDER TEMPORARILY STAYING ACTION

---

THIS MATTER having come before the Court on the Joint Motion and
Stipulation for Entry of Order filed by the parties, and the Court being fully
informed in the premises, and good cause appearing therefor,

IT IS ORDERED that the present action is hereby STAYED until further
order of this Court, to allow the U.S. District Court for the Northern District of
Georgia, Atlanta Division, to enter an order in Civil Action No. 1: 13-CV-1901
now pending in that court, which determines the motion filed by aioTV Inc. on
July 3, 2013 to dismiss that case for lack of personal jurisdiction and improper
venue or, in the alternative, to transfer that case to this Court.

{JK00492385.1 }

Case No. 1:13-cv-01493-PAB-KLM   Document 19-7   filed 07/03/13   USDC Colorado   pg 15
of 26
Case 1:13-cv-01901-JOF   Document 8-6   Filed 07/03/13   Page 15 of 26

{JK00492385.1 }

2

IT IS FURTHER ORDERED, that the parties in the present action shall

promptly notify this Court and file a copy when the District Court in Georgia

enters an order that determines the said motion to dismiss or transfer, at which time

this Court will vacate the stay and, consistent with the order of the Georgia court,

enter an appropriate order either allowing the present case to proceed or

transferring it to the Northern District of Georgia.

DATED: _____

BY THE COURT:


_____
Phillip A. Brimmer
United States District Judge

{JK00492385.1 }

3

## Ed Lyons

| | |
|---|---|
| **From:** | Ed Lyons |
| **Sent:** | Friday, June 28, 2013 2:00 PM |
| **To:** | dsaunders@manatt.com; 'lgoldstein@manatt.com'; 'bbrewster@klyown.com' |
| **Cc:** | 'Dan Wartell'; Aaron Goldhamer |
| **Subject:** | RE: aioTV Inc. v. Aio Wireless LLC |
| **Attachments:** | Stipulation for Temporary Stay (00492352).docx |

Counsel:

Attached is a corrected draft of the joint motion and stipulation in which "Defendant" has been changed to "AIOW" in paragraph 2.

Ed Lyons

## JONES&KELLER

**Edward T. Lyons, Jr**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | F: 303.573.8133
**JONES&KELLER, P.C.**
elyons@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE. FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C. The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law. This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety. Thank you.

**From:** Ed Lyons
**Sent:** Friday, June 28, 2013 1:54 PM
**To:** dsaunders@manatt.com; 'lgoldstein@manatt.com'; 'bbrewster@klyown.com'
**Cc:** 'Dan Wartell'; Aaron Goldhamer
**Subject:** aioTV Inc. v. Aio Wireless LLC

Counsel:

1

Case No. 1:13-cv-01493-PAB-KLM   Document 19-7   filed 07/03/13   USDC Colorado   pg 18
of 26
Case 1:13-cv-01901-JOF   Document 8-6   Filed 07/03/13   Page 18 of 26

In accordance with our conference call yesterday, I am attaching for your review drafts of a Joint Motion and Stipulation and a proposed Order providing for a temporary stay of the District of Colorado case.

I am awaiting the other stipulation that you agreed to prepare to extend the time for responding to the motion for an injunction in the Georgia case.

Hopefully, we can get all the necessary papers in final form for signing Monday.

If a further conference call would help, we are available Monday.

Thanks,

Ed Lyons


# JONES&KELLER

**Edward T. Lyons, Jr**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | F: 303.573.8133

**JONES&KELLER, P.C.**
elyons@joneskeller.com
www.joneskeller.com


**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE.  FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C.  The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety.  Thank you.

Case No. 1:13-cv-01493-PAB-KLM   Document 19-7   filed 07/03/13   USDC Colorado   pg 19
of 26
Case 1:13-cv-01901-JOF   Document 8-6   Filed 07/03/13   Page 19 of 26

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01493-PAB-KLM

aioTV Inc.,

       Plaintiff,

v.

Aio Wireless, LLC,

       Defendant

---

## JOINT MOTION AND STIPULATION FOR ENTRY OF ORDER TEMPORARILY STAYING CASE

---

Plaintiff aioTV Inc. ("AIOT") and Defendant Aio Wireless, LLC ("AIOW"), by and through their respective attorneys of record, hereby jointly move and stipulate that the Court may enter an order temporarily staying this case as provided below.  As good cause for the requested relief, the parties state and stipulate as follows.

    1.    AIOT commenced the present action by filing a verified complaint in this Court on June 11, 2013, alleging claims for trademark infringement under Sec. 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), together with claims for unfair competition, trademark disparagement, deceptive trade practices, and unjust

Case No. 1:13-cv-01493-PAB-KLM   Document 19-7   filed 07/03/13   USDC Colorado   pg 20
of 26
Case 1:13-cv-01901-JOF   Document 8-6   Filed 07/03/13   Page 20 of 26

enrichment under Colorado law.  (Doc. 1)  A summons was served upon AIOW's

registered agent for service of process in Colorado on June 12, 2013.  (Doc. 9)

2.     On June 17, 2013, AIOW filed a motion in this Court to stay, dismiss

or, in the alternative, transfer the present case to the Northern District of Georgia

pursuant to the "first-filed" rule on the grounds that AIOW had filed an earlier

action in that court on June 6, 2013, Civil Action No. 1: 13-CV-1901, seeking a

declaratory judgment that AIOW is not infringing upon AIOT's trademarks and

that Plaintiff is not entitled to relief under Sec. 43(a) of the Lanham Act.  (Doc. 15)

A copy of the complaint in the Georgia case is attached as Exhibit C (Doc. 16-3) to

the Declaration of Darren W. Saunders filed with AIOW's motion.  (Doc. 16)

3.     On July 3, 2013, AIOT filed a motion in the Georgia case to dismiss

the action for lack of personal jurisdiction and improper venue or, in the

alternative, to transfer that case to this Court.  See Notice of Motion to Dismiss

filed in the Northern District of Georgia.  (Doc.___)

4.     Because the two cases substantially overlap and in recognition of the

first-filed rule followed by the Tenth Circuit, *see Cessna Aircraft Co. v. Brown,*

348 F.2d 689, 692 (10th Cir. 1965), and to avoid unnecessary expense and conserve

judicial resources, the parties request that this Court enter an order temporarily

staying the present case until the federal district court in Georgia determines

Case No. 1:13-cv-01493-PAB-KLM   Document 19-7   filed 07/03/13   USDC Colorado   pg 21
of 26
Case 1:13-cv-01901-JOF   Document 8-6   Filed 07/03/13   Page 21 of 26

AIOT's pending motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer that case to this Court.

5.      If the requested temporary stay is granted, the parties will promptly notify this Court and file a copy when the district court in Georgia enters an order that determines AIOT's motion to dismiss or transfer so that this Court may then vacate the stay and, consistent with the Georgia court's ruling, either allow the present case to proceed or transfer it to the Northern District of Georgia.

6.      A proposed order is submitted herewith.

DATED:  July ___ , 2013

                                        Respectfully submitted,


_____              _____
Edward T. Lyons, Jr.                   Darren W. Saunders
JONES & KELLER, P.C.                   MANATT, PHELPS & PHILLIPS
1999 Broadway, Suite 3150              7 Times Square
Denver, CO 80202                       New York, New York 10036
Telephone: (303) 573-1600              Telephone: (212) 790-4500
Fax (303) 573-8133                     Fax: (212) 790-4545
Email: elyons@joneskeller.com          Email: dsaunders@manatt.com

Kravec v. Chicago Pneumatic Tool Co., 579 F.Supp. 619 (1983)

36 Fair Empl.Prac.Cas. (BNA) 266

---

579 F.Supp. 619
United States District Court,
N.D. Georgia,
Atlanta Division.

Carolyn R. KRAVEC, Plaintiff,
v.
CHICAGO PNEUMATIC TOOL COMPANY,
Defendant.

Civ. A. No. C83–1400A. | Dec. 13, 1983.

On complaint of employment discrimination in violation of Title VII, and on claims founded upon state law and a claim based upon Employee Retirement Income Security Act, and on defense motion to dismiss, or for summary judgment, District Court, Forrester, J., held that: (1) court had subject-matter jurisdiction, and (2) venue provisions for Title VII employment discrimination actions were intended to be exclusive, and more general provisions are not controlling in such cases.

Order in accordance of opinion.

West Headnotes (7)

[1]    **Federal Civil Procedure**
      ☞Motion and proceedings thereon

      Where defense motion to dismiss was founded upon lack of jurisdiction over subject matter and improper venue, rather than failure to state claim upon which relief could be granted, there was no need for court to convert motion into one for summary judgment despite fact that matters outside proceedings had been submitted, and motion would be considered solely as motion to dismiss for lack of jurisdiction over subject matter or for improper venue. Fed.Rules Civ.Proc.Rule 12(b), (b)(1, 3, 6), 28 U.S.C.A.

      1 Cases that cite this headnote

[2]    **Civil Rights**
      ☞Right to sue letter or notice;  official inaction

Receipt of right-to-sue notice is regarded as condition precedent to maintaining Title VII action, and not merely jurisdictional requirement. Civil Rights Act of 1964, § 706(e), as amended, 42 U.S.C.A. § 2000e–5(f)(1).

[3]    **Civil Rights**
      ☞Right to sue letter or notice;  official inaction

      Purpose of requirement of right-to-sue notice as condition precedent to maintaining Title VII action is that it affords notice to charged party of complaint against him and affords opportunity for charged party to resolve problems through conciliation before being exposed to liability. Civil Rights Act of 1964, § 706(e), as amended, 42 U.S.C.A. § 2000e–5(f)(1).

[4]    **Civil Rights**
      ☞Right to sue letter or notice;  official inaction

      Where party has properly filed complaint with Equal Employment Opportunity Commission and there has been opportunity for conciliation, mere fact that plaintiff files his lawsuit prior to receiving his right-to-sue letter does not warrant dismissal of his action, but, rather, subsequent receipt of right-to-sue letter cures what can be regarded as defect in complaint. Civil Rights Act of 1964, § 706(e), as amended, 42 U.S.C.A. § 2000e–5(f)(1).

      1 Cases that cite this headnote

[5]    **Federal Courts**
      ☞Particular determinations

      Where unlawful employment practice alleged to have been committed occurred in state of New York, and employment records relevant to Title

Case No. 1:13-cv-01493-PAB-KLM   Document 19-7   filed 07/03/13   USDC Colorado   pg 23
of 26
Case 1:13-cv-01901-JOF   Document 8-6   Filed 07/03/13   Page 23 of 26

VII case were maintained and administered in Northern District of New York, which was place in which aggrieved person would have worked but for alleged unlawful employment practice, venue was proper only within one of four judicial districts of New York, and there was no venue in northern district of Georgia, even if defendant corporation was licensed to do business within northern district of Georgia thereby making general venue provision otherwise applicable. Civil Rights Act of 1964, § 706(f), as amended, 42 U.S.C.A. § 2000e–5(f)(3); 28 U.S.C.A. § 1391.

5 Cases that cite this headnote

[6]   **Federal Courts**
⚖Particular actions

Venue provisions for Title VII employment discrimination actions were intended to be exclusive, and more general provisions are not controlling in such cases. Civil Rights Act of 1964, § 706(f), as amended, 42 U.S.C.A. § 2000e–5(f)(3); 28 U.S.C.A. §§ 1391, 1404.

4 Cases that cite this headnote

[7]   **Federal Courts**
⚖Particular determinations

Where it was clear that venue in northern district of Georgia was improper for Title VII case, and court was accordingly inclined to transfer entire action to New York under forum non conveniens, but neither party had made any motion for transfer of either Title VII or non-Title VII claims and where there were four possible judicial districts within New York which would have proper venue, district court for northern district of Georgia would not sua sponte transfer entire case or any part of it. Civil Rights Act of 1964, § 706(f), as amended, 42 U.S.C.A. § 2000e–5(f)(3); 28 U.S.C.A. §§ 1391, 1404.

3 Cases that cite this headnote

**Attorneys and Law Firms**

**\*620** Eugene D. Butt, Carter & Shepherd, Atlanta, Ga., for plaintiff.

Ronald D. Reemsnyder, Neely & Player, Atlanta, Ga., Ernest Sasso, New York City, for defendant.

**Opinion**

**ORDER**

FORRESTER, District Judge.

[1] This action is before the court on defendant's motion to dismiss or alternatively for summary judgment. Plaintiff's complaint seeks compensatory and punitive damages, as well as attorney's fees, for employment discrimination in violation of Title VII. The complaint also asserts claims founded upon state law and a single claim based upon ERISA. Defendant argues that this court should dismiss the action for lack of subject matter jurisdiction or for lack of venue.[1]

**\*621** Plaintiff's complaint alleges that plaintiff was unjustly terminated from her position of employment with defendant after more than thirteen years of satisfactory service. It appears that plaintiff at the time was a resident of New York, was employed in New York by the defendant whose principal place of business is New York, and that the alleged act of discrimination occurred in New York. Plaintiff filed a complaint alleging sex discrimination with the New York State Division of Human Rights and with the Equal Employment Opportunity Commission (EEOC) office in New York. After investigating her complaint the EEOC dismissed it for lack of probable cause. Plaintiff filed this action in this court on July 5, 1983. The EEOC issued plaintiff a Notice of Right to Sue on August 9, 1983.

**I. SUBJECT MATTER JURISDICTION.**
[2] [3] [4] Defendant argues that this court lacks subject matter jurisdiction over the employment discrimination claim because plaintiff had not received a right to sue letter prior to filing this suit. It is true that in order to file an action alleging employment discrimination under Title VII, a plaintiff must first receive from the EEOC a "right to sue" letter. *Jackson v. Seaboard Coastline Railroad*

Case No. 1:13-cv-01493-PAB-KLM   Document 19-7   filed 07/03/13   USDC Colorado   pg 24
of 26
Case 1:13-cv-01901-JOF   Document 8-6   Filed 07/03/13   Page 24 of 26

Kravec v. Chicago Pneumatic Tool Co., 579 F.Supp. 619 (1983)

36 Fair Empl.Prac.Cas. (BNA) 266

*Co.,* 678 F.2d 992, 999 (11th Cir.1982); 42 USC § 2000e–5(f)(1). In this circuit the receipt of a right to sue notice is regarded as a condition precedent to maintaining a Title VII action rather than as a jurisdictional requirement. *Jackson, supra.* The purpose of the requirement is twofold; it affords notice to the charged party of the complaint against him, and it affords an opportunity for the charged party to resolve the problem through conciliation before being exposed to liability. *Novotny v. Great American Federal Savings & Loan Association,* 22 F.E.P. Cases 440 (W.D.Pa.1980). Where a party has properly filed a complaint with the EEOC and there has been an opportunity for conciliation, the mere fact that plaintiff files his lawsuit prior to receiving his right to sue letter does not warrant dismissal of his action. Rather, the subsequent receipt of a right to sue letter cures what can be regarded as a defect in the complaint. *See Henderson v. Eastern Freightways, Inc.,* 460 F.2d 258 (4th Cir.), *cert. denied,* 410 U.S. 912, 93 S.Ct. 976, 35 L.Ed.2d 275 (1972); *Vanguard Justice Society, Inc. v. Hughes,* 471 F.Supp. 670 (D.Md.1979); *Dague v. Riverdale Athletic Association,* 99 F.R.D. 325 (N.D.Ga.1983) (Forrester, J.). The court finds, therefore, that the receipt by plaintiff of a right to sue letter subsequent to filing her complaint in this court cured that defect. This court has subject matter jurisdiction of plaintiff's claim.

## II. VENUE.

[5] Venue for civil actions alleging employment discrimination is governed by 42 USC § 2000e–5(f)(3) which provides in part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. But if the respondent is not found within any such district, an action may be brought within the judicial district in which the respondent has his principal office.

The unlawful employment practice alleged to have been

committed in this case occurred in the State of New York. The employment records relevant to plaintiff's case are maintained and administered in Utica, New York, which is in the Northern District of New York. Utica is also the place "in which the aggrieved person would have worked but for the alleged unlawful *622 employment practice." Venue is therefore proper in any of the judicial districts of the State of New York.[2] It is clear that by the terms of § 2000e–5(f)(3) venue is proper only within one of the four judicial districts of New York and that there is no venue in the Northern District of Georgia. Plaintiff does not dispute this, but rather argues that venue is not restricted to the four locations provided for in § 2000e–5(f)(3). Plaintiff argues that these locations merely supplement the possible places of venue provided for by the general venue provision of 28 U.S.C. § 1391, which provides:

> (c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Plaintiff has submitted evidence that defendant corporation is licensed to do business within the Northern District of Georgia and argues that under § 1391 venue is therefore proper in this district. In support of her position plaintiff relies on *Pure Oil Company v. Suarez,* 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966), which held that a specific venue provision similar to that in Title VII which was contained in the Jones Act merely supplemented § 1391(c).

This court has found no authority within this circuit for the proposition plaintiff makes. The leading case elsewhere appears to be *Stebbins v. State Farm Mutual Automobile Insurance Co.,* 413 F.2d 1100 (D.C.Cir.1969). In that case the court specifically held that the general venue statute, 28 USC § 1391, did not provide an additional place of venue where the terms of § 2000e–5(f)(3) were not met. The court examined the clear language of § 2000e–5(f)(3) and found that "the intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination seems clear." *Id.* at 1102. Plaintiff's arguments and the *Stebbins* case were given an extensive discussion in *Dubnick v. Firestone Tire and Rubber Company of California,* 355 F.Supp. 138 (E.D.N.Y.1973). In that case the EEOC had filed an *amicus* brief asserting the same arguments raised by plaintiff in her brief. The court in that case said,

> While legislative history is scant concerning the venue provision, what there is supports the conclusion that "actions will be brought either in the judicial district where either [sic] the unlawful employment practice is

Case No. 1:13-cv-01493-PAB-KLM   Document 19-7   filed 07/03/13   USDC Colorado   pg 25
of 26
Case 1:13-cv-01901-JOF   Document 8-6   Filed 07/03/13   Page 25 of 26

Kravec v. Chicago Pneumatic Tool Co., 579 F.Supp. 619 (1983)

36 Fair Empl.Prac.Cas. (BNA) 266

alleged to have been committed or in the judicial district in which the charged party has his principal office." Major congressional statements made while the Act was under debate also reinforced the view that the district of "unlawful employment practice" was broadened to assure full access to courts in the areas involved. The district of "principal office," on the other hand, was designed to facilitate the transfer provisions of 28 USC §§ 1404 and 1406, not to open the door to the application of § 1391(c).

Other cases have also held that claims brought under Title VII are strictly governed by the venue provisions of § 2000e–5(f)(3) rather than by the general venue statute, 28 U.S.C. § 1391. *See Templeton v. Veterans Administration,* 540 F.Supp. 695 (S.D.N.Y.1982); *Turbeville v. Casey,* 525 F.Supp. 1070, 1071 (D.D.C.1981); *Matthews v. Trans World Airlines, Inc.,* 478 F.Supp. 1244, 1245 (S.D.N.Y.1979); *Chaves v. Norton,* 18 F.E.P. Cases 1705 (D.P.R.1978). This court has found no cases either in this circuit or elsewhere which support plaintiff's argument.

[6] [7] This court is persuaded by the authorities cited above that the venue provisions of § 2000e–5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and *623 that the more general provisions of § 1391 are not controlling in such cases. Because venue in the Northern District of Georgia is clearly improper under § 1391(f)(3) this court must either dismiss the Title VII claim or transfer it pursuant to 28 U.S.C. § 1404. Because each of the common law claims will be controlled by New York law and because all of the witnesses and evidence will be in New York, and because the only connection any aspect of

this case has with the State of Georgia is that plaintiff is now a resident of this state, this court is inclined to transfer the entire action to New York under the doctrine of *forum non conveniens.* However, because neither of the parties has made any motion for a transfer of either the Title VII or the non-Title VII claims and because there are four possible judicial districts within the State of New York which would have proper venue, this court will not *sua sponte* transfer the entire case or any part of it. Rather, the court will dismiss plaintiff's Title VII claim unless within 30 days of the date of this order one of the parties files an appropriate motion to transfer the Title VII claim, either alone or with the rest of her claims, to one of the judicial districts of New York. If plaintiff does not act within 30 days the Clerk is DIRECTED to dismiss Count I of her complaint for lack of venue. The rest of her complaint would then proceed in this court until such time as either party makes an appropriate motion to transfer under § 1404.

In sum, defendant's motion to dismiss is GRANTED as to Count I of plaintiff's complaint, unless within thirty (30) days plaintiff files a motion to transfer Count I, either separately or with the rest of her complaint, to one of the judicial districts of New York.

**Parallel Citations**

36 Fair Empl.Prac.Cas. (BNA) 266

Footnotes

1   Because it has referred to matters outside of the pleadings defendant has taken the precautionary step of enclosing the materials required for a Rule 56 motion for summary judgment, in case this court should convert the motion to dismiss into one for summary judgment. Because defendant's motion to dismiss is founded upon Rule 12(b)(1) and (3) rather than 12(b)(6), there is no need for this court to convert the motion into one for summary judgment despite the fact that matters outside the pleadings have been submitted. Rule 12(b), Fed.R.Civ.P. Defendant's motion therefore will be considered solely as a motion to dismiss under Rules 12(b)(1) or 12(b)(3).

2   The fourth possible place for venue is the district in which the defendant has his principal office. This provision only comes into play when defendant cannot be found in any of the other judicial districts provided for. There is no such allegation in this case, and even if there were the result would not change because defendant's principal place of business is within the Southern District of New York.

End of Document · © 2013 Thomson Reuters. No claim to original U.S. Government Works.

Case No. 1:13-cv-01493-PAB-KLM   Document 19-7   filed 07/03/13   USDC Colorado   pg 26
of 26
Case 1:13-cv-01901-JOF   Document 8-6   Filed 07/03/13   Page 26 of 26

Kravec v. Chicago Pneumatic Tool Co., 579 F.Supp. 619 (1983)

36 Fair Empl.Prac.Cas. (BNA) 266