IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01493-PAB-KLM

aioTV Inc.,

    Plaintiff,

v.

Aio Wireless, LLC,

    Defendant

---

### RESPONSE OF PLAINTIFF TO DEFENDANT'S MOTION TO STAY, DISMISS OR, IN THE ALTERNATIVE, TRANSFER CASE

---

Plaintiff aioTV Inc. ("AIO"), through its attorneys, hereby responds to the motion of Defendant Aio Wireless, LLC ("Wireless") to stay, dismiss or, in the alternative transfer this case to the Northern District of Georgia, pursuant to Fed.R.Civ.P. 12(b)(3), 28 U.S.C. § 1406(a) and the first-filed rule (the "Motion"). (Doc. 15)

For the reasons set forth below, and based upon the Joint Motion and Stipulation of the Parties filed on July 3, 2013 (the "Joint Motion") (Doc. 20), the Court should grant the Joint Motion and enter an order temporarily staying the present case to permit the court in the Northern District of Georgia to determine whether the case pending there should be dismissed for lack of jurisdiction or transferred here, and the instant Motion previously filed by Wireless should be

{JK00494244.1 }

denied as moot.

## INTRODUCTION

AIO commenced this action on June 11, 2013 because, approximately one month earlier, Wireless, a subsidiary of AT&T, Inc., launched a new wireless phone and data service that infringes and completely appropriates the distinctive "aio" trademark that AIO has been using throughout the United States, and worldwide, for more than three years. AIO's complaint seeks injunctive relief and damages under Section 43(a) of the Lanham Act, 15 U.S.C. § 1025(a), and for unfair competition, deceptive trade practices, trademark disparagement, and unjust enrichment under Colorado law. Verified Complaint. (Doc. 1)

Wireless attempted to frustrate the present action by filing an anticipatory suit seeking a declaratory judgment of non-infringement in the U.S. District Court for the Northern District of Georgia on June 6, 2013. (Doc. 16-3). On June 17, 2013, Wireless also appeared in the present case and filed a motion to stay, dismiss or, in the alternative, transfer the case to the Northern District of Georgia pursuant to Fed.R.Civ.P. 12(b)(3), 28 U.S.C. 1406(a), and the "first-filed" rule. (Doc. 15). Importantly, Wireless' Motion did not contest this Court's jurisdiction under Fed.R.Civ.P. 12(b)(2).

On July 3, 2013, AIO filed a motion to dismiss the action brought by Wireless in the Northern District of Georgia for lack of jurisdiction over the person

and improper venue or, in the alternative, to transfer the case to the District of Colorado. A copy of AIO's motion to dismiss, memorandum of law, and supporting affidavit evidence has been lodged with this Court. See Notice of Motion to Dismiss. (Doc. 19).

The affidavit evidence submitted with AIO's motion to dismiss in the Georgia case demonstrates that AIO has never purposely availed itself of the privilege of doing business in the State of Georgia, nor had any contacts with that State sufficient to subject it to suit there. (Doc. 19-3). In support of the alternative request to transfer the case to the District of Colorado, AIO submitted affidavit evidence showing that the first-filed rule should not apply because Wireless used deceptive tactics to induce AIO to delay its suit for trademark infringement in Colorado, which it was ready to file, so that Wireless could file its anticipatory suit in Georgia. (Doc. 19-4). Wireless' response to AIO's motion to dismiss or transfer the case is now due to be filed in the Georgia court on July 22, 2013.

In the meantime, however, because the two cases at least arguably overlap, and in light of the preference of courts in the Tenth Circuit to allow the court in which the first filing occurred priority to determine whether that case should proceed or be transferred, and to avoid the expense of litigating in two forums with subsidiaries of the 17th largest corporation in the world, as well as to conserve judicial resources, AIO proposed and reached an agreement with Wireless to

{JK00494244.1 }

3

stipulate to the entry of an order by this Court temporarily staying the present action to allow the Georgia court to determine AIO's motion to dismiss the action there on jurisdictional grounds or transfer it to Colorado. An appropriate Joint Motion to carry out that stipulation was filed in the present case on July 3, 2013. (Doc. 20).

Because this Court has not yet acted on that Joint Motion, AIO believes that it must, as a precaution, submit a brief response to Wireless' previously filed motion to stay, dismiss, or transfer the case.

## DISCUSSION AND ARGUMENT

Tenth Circuit law states that the present action should be temporarily stayed to allow the federal district court in the Northern District of Georgia—which has apparent priority to proceed under the first-filed rule—to determine whether it has personal jurisdiction over AIO in that district, as this case could not be transferred there unless AIO is subject to the process of the Georgia court. *Cessna Aircraft Co. v. Brown,* 348 F.2d 689, 692 (10th Cir. 1965) (citing *Hoffman v. Blaski,* 363 U.S. 335 (1960)). The present action must be stayed, rather than transferred, because of the "procedural complications [that] will have to be untied in some manner" if it is ultimately determined that the Georgia court does not have jurisdiction over the defendant. *Id.; accord Gage, Inc. v. Range Fuels, Inc.,* 2010 WL 55493, *2-3 (D. Colo. 2010) (motion to transfer case to a district where

{JK00494244.1}

4

personal jurisdiction is being challenged must be denied and case should be "held in abeyance" until the jurisdictional issue is determined). Because Wireless has submitted to this Court's personal jurisdiction over it by moving for a change of venue under Fed.R.Civ.P 12(b)(3), but not at the same time moving to dismiss under Fed.R.Civ.P. 12(b)(2),[1] staying the present action will avoid the "procedural complications" of further litigation of that issue should this case ultimately proceed here.

Wireless' Motion does not dispute the foregoing and indeed recognizes the "rule, as articulated by the Tenth Circuit . . . that 'the first federal district court which obtains jurisdiction of the parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated.'" Def's Mem. of Law, p.1. (Doc. 17). Furthermore, by joining in the stipulation and Joint Motion providing for a stay, Wireless has effectively abandoned the alternative argument in its Motion, which suggested that—contrary to the law in this Circuit—this case might be dismissed or transferred instead of waiting for action by the court in the Northern District of Georgia.

The Joint Motion's requested stay, if granted, should prove to be of short

---

[1] A party that makes a motion under Rule 12(b) waives any other defense listed in Rule 12(b)(1)-(5) that was available to the party by omitting it from the motion. Fed.R.Civ.P. 12(h)(1). *See, e.g., Burdett v. Harrah's Kansas Casino Corp.,* 311 F.Supp.2d 1166, 1177 (D. Kan. 2004)

{JK00494244.1 }

duration. As AIO's motion to dismiss the Georgia action (a copy of which is included in the record here at Doc. 19-1 and 19-2) confirms, Wireless' complaint not only fails, as a matter of law, to allege a *prima facie* case of personal jurisdiction over AIO, but Wireless cannot prove that AIO has had sufficient contacts with the State of Georgia to subject it to jurisdiction there under Georgia's long-arm statute and the Due Process Clause of the Fourteenth Amendment. See AIO Motion to Dismiss, Doc. 19-2, pp. 9-19, and cases cited therein.

Even in the unlikely event the federal court in Georgia were to determine that jurisdiction over AIO existed in that case, there are compelling reasons why that court would nonetheless exercise its authority to transfer the case to the District of Colorado. See AIO Motion to Dismiss, Doc. 19-2, pp. 20-25, and cases cited therein.

WHEREFORE, this Court should enter an order granting the Joint Motion and temporarily staying the present case to permit the U.S. District Court for the Northern District of Georgia to determine whether the declaratory judgment action pending there should be dismissed for lack of jurisdiction or transferred here, and the instant Motion previously filed by Wireless should be denied as moot.

Respectfully submitted,

s/ Edward T. Lyons, Jr.
Edward T. Lyons, Jr.
[continued]

{JK00494244.1 }

                Daniel A. Wartell
                Aaron D. Goldhamer
                JONES & KELLER, P.C.
                1999 Broadway, Suite 3150
                Denver, CO 80202
                (303) 573-1600
                Fax (303) 573-8133
                elyons@joneskeller.com
                Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that on July 11, 2013, I electronically filed the foregoing **RESPONSE OF PLAINTIFF TO DEFENDANT'S MOTION TO STAY, DISMISS OR, IN THE ALTERNATIVE, TRANSFER CASE** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail documentation for such filing to the attorneys of record as follows:

    James T. Thompson (Jt039@att.com)
    Darren W. Saunders, Esq. (dsaunders@manatt.com)
    Linda Goldstein, Esq. (lgoldstein@manatt.com)
    Chad S. Hummel, Esq. (chummel@manatt.com)
    William H. Brewster, Esq. (bbrewster@kiltown.cm)

                                  s/ Renae Mesch
                                  Renae Mesch